## NEU et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 9, 1925. Rehearing Denied January 13, 1926.)

No. 3486.

1. **Indictment and information** ☞203—Good counts held to support judgment on general verdict, sentences being for same period and running concurrently.

Though some counts be defective, remaining counts would support judgment; there being a general verdict, and a sentence of imprisonment for the same period on each count, to run concurrently.

2. **Post office** ☞49—Conviction of using mails to defraud warranted by evidence.

Conviction of using mails in execution of scheme to defraud *held* warranted by evidence.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Theodore Neu and others were convicted of using the mails in execution of a scheme to defraud, and bring error. Affirmed.

Wm. B. Rubin and Michael Levin, both of Milwaukee, Wis., for plaintiffs in error.

Edward J. Hess, of Chicago, Ill., and L. H. Bancroft, of Milwaukee, Wis., for the United States.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiffs in error were convicted under an indictment charging them with using the mails in execution of a scheme or artifice to defraud certain named dealers in merchandise, by causing one of the defendants, Neu, to enter the retail business and purchase merchandise upon credit, and dispose of it by and through himself, and the other defendants, who would remove it from Neu's store at Oconomowoc, to which it would be shipped by the various dealers, and be thus disposed of without paying for same, thereby defrauding the dealers. Each of the first 12 counts charged the same scheme, setting out a different use of the mails in executing it, and the thirteenth count charged a conspiracy between the defendants to commit the offenses charged in other counts, setting up various overt acts, including the use of the mails as set out in each of the other counts. The verdict was general, and as to each defendant there was a sentence of imprisonment in the penitentiary for 1½ years on each count, to run concurrently.

[1] It is contended that as to some of the counts the mailing alleged was of letters which indicated upon their face that they could not possibly have been in execution of the scheme alleged, some of them appearing to have been mailed after defendant Neu was in bankruptcy. We will not here undertake again to demonstrate that the indictment itself need not point out how the instrument alleged to have been mailed in execution of the fraudulent scheme charged in fact did or could have had that effect. Suffice it to say that the infirmity charged is as to some, not all, of the counts. The counts so assailed, as well as the conspiracy count, which is also attacked, may be entirely eliminated, and there yet remain other counts which will support the judgment.

[2] It is urged that the evidence does not warrant the verdict. A careful examination of the record makes it plain that there was evidence which, if credited, would fairly warrant the jury in concluding that the convicted defendants did have among themselves an understanding that merchandise which Neu was to have shipped to his store at Oconomowoc would be surreptitiously removed by the other defendants, and by them disposed of with intent that the sellers of the merchandise, who were mostly wholesalers in other cities, would be defrauded out of same. The use of the mails in such an undertaking was, of course, inevitable. Orders had to be given, bills sent, occasional payments made, and all such correspondence carried on as would be usual and necessary in making it appear that the business was being conducted in an ordinary and bona fide manner. The letters alleged and proved to have been mailed, while in themselves perhaps entirely innocent, were nevertheless just such as might be employed in the execution of a fraudulent scheme. It appears from some of the evidence that merchandise would come to the store, and that at frequent intervals, and sometimes on the same day it was received, different ones of the defendants would appear with an automobile, and load up with merchandise and take it away, under circumstances themselves more or less suspicious. There was also evidence that the other convicted defendants, as well as Neu, would at times participate in the conduct of the store in a way that would indicate a sort of proprietary interest in it. All this, coupled with Neu's bankruptcy, after running the store only for a few months, and his accumulated merchandise debts of upwards $13,000, with comparatively little of goods or other assets to show for it, and without books of account shown in evidence, or other proof to indicate what became of the bulk of such merchandise or its proceeds, tended to supply a basis upon which a jury was not unwarranted in predicating guilt.

Evidently the testimony of Dressner and Pessin (who alone of the convicted defendants testified), quite persuasive when considered alone, did not serve with the jury to neutralize the effect of the incriminating evidence, either on behalf of themselves or the other two. Another defendant, Heller, on trial with them, was more fortunate in the outcome of his testimony; but it may be said that the government's evidence did not connect him with the transaction to the extent that it did the others. He was acquitted.

We find nothing in the record which would warrant our interference with the judgment pronounced against these plaintiffs in error, and it is accordingly affirmed.